FILED
SUPERIOR COURT
OF GUAM

2025 JUN -6 PM 4: 11

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| EULALIA W. VALDEZ nka EULALIA W. CORNIELLE,<br><br>**Plaintiff,**<br><br>vs.<br><br>PETERNILO L. VALDEZ,<br><br>**Defendant.** | **Domestic Case No. DM0044-13**<br><br>**DECISION AND ORDER DENYING MOTION TO TERMINATE CHILD SUPPORT ORDER** |

This matter came before the Honorable Dana A. Gutierrez on March 6, 2025 for a motion hearing on Motion to Terminate Child Support Order and Memorandum of Points and Authorities ("Motion"), filed by Defendant Peternilo L. Valdez ("Defendant"). Present at the hearing via Zoom were Defendant with counsel Attorney George Valdes; Plaintiff Eulalia W. Cornielle ("Plaintiff") with counsel Attorney Daron Berman; and Assistant Attorney General Fred Nishihira appearing on behalf of the Government of Guam in person. Upon review of the filings in this matter and applicable Guam law, the Court hereby **DENIES** Defendant's Motion.

## BACKGROUND

The parties were previously married and share three sons, Liam Tristen White Valdez, Ezra Byron White Valdez, and Jose White Valdez. Mot. at 1. All three sons have since reached the age of majority, with Liam being 29, Ezra 27, and Jose the youngest at 18 years old.

On April 4, 2013, the Honorable Judge Michael J. Bordallo signed an Interlocutory Judgment of Divorce which incorporated the parties' Divorce and Property Settlement Agreement

("Settlement Agreement"), and a Final Decree of Divorce that incorporated the Interlocutory Judgment of Divorce, and thereby, the Settlement Agreement. *See* Final Decree of Divorce (April 4, 2013).

In relevant part, the Settlement Agreement states:

> The parties agree that the Defendant shall provide to the Plaintiff Five Hundred Dollars ($500.00) per month per child in child support for the support and maintenance of the parties [*sic*] minor child Jose Valdez until he turns 22 . . . . Additionally, the Defendant shall be responsible for the parties [*sic*] minor children's school tuition and costs until they reach the age of 22 or graduate from college with a bachelors' degree, whichever occurs first.

Settlement Agreement (Mar. 26, 2013).

On August 19, 2024, Defendant left Guam as part of his employment with the federal government and now resides in Davis, California. Declaration of Peternilo L. Valdez ("Decl. Peternilo") ¶ 11 (Nov. 15, 2024). As a result of the relocation, Defendant states that his salary has been reduced by approximately 17%, or a $19,000 decrease in income. *Id.* ¶ 12. Furthermore, he states that California state taxes are higher than Guam's, further reducing his net income. *Id.*

Defendant also states that he "anticipated that our sons would attend college on Guam," and did not expect to pay off-island tuition costs. *Id.* ¶ 6. The parties' youngest son, Jose now lives in Indiana and attends Purdue University. Jose's current annual expenses at Purdue University as a non-resident total approximately $48,184, which is higher than Defendant's anticipated $10,379 annual cost of attending the University of Guam as an in-state resident. *Id.* ¶ 8.

On November 15, 2024, Defendant filed the Motion arguing that a substantial and material change in circumstances justifies termination of his monthly $500 child support obligation for Jose. Defendant argues that the arrangement in the Settlement Agreement was based on the understanding that the children would remain in the custody and care of the Plaintiff. Mot. at 4.

2

Since Jose is no longer living with Plaintiff and Defendant is now covering Jose's off-island educational expenses, he argues that continued support payments to Plaintiff no longer serves as child support and would instead "constitute an increase in discretionary spending to [Plaintiff]," and amount to a "windfall." *Id.*

On December 11, 2024, the Office of the Attorney General ("OAG"), filed an Opposition to the Motion to Terminate Child Support Order ("Opposition").[1] The OAG states that the language in the Settlement Agreement is "clear and unambiguous" in regard to Defendant's obligations. Opp. at 1. Additionally, the OAG argues that the Court should "review the matter as a Motion for Deviation requiring the Defendant to submit his Financial Declaration of income and expenses." *Id.* at 2.

Plaintiff did not file any briefing, but stated at the motion hearing that she "supports the Government's position." Min. Entry at 10:06 a.m. (Mar. 6, 2025).

On December 20, 2024, Defendant filed his Reply to Opposition to Motion to Terminate Child Support Order ("Reply").

The Court held a motion hearing on March 6, 2025 and took the matter under advisement.

## DISCUSSION

The ultimate goal in any child support case is to protect the best interests of the children. *Guerrero v. Moylan*, 2002 Guam 18 at ¶ 16. "Unless otherwise limited by statute, courts are vested with discretion to set child support in the amounts necessary to effectuate that purpose." *Id.*

Modification of child support provisions is governed by Guam law at 5 GCA §34121,

---

[1] On August 10, 2023, the OAG entered its appearance in this case as "attorney of record for Guam . . . for the sole purpose of providing child support enforcement services under Federal and Guam law." Entry of Appearance (Aug. 10, 2025).

which provides:

> The provisions of any order respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon showing of a substantial and material change of circumstances . . . . The Superior Court of Guam shall have the authority to modify any order, award, stipulation, or agreement as to child support (*whether or not merged or integrated into a decree of divorce or separation*) upon a showing of *substantial or material change in circumstances.*

5 GCA § 34121 (emphasis added).

The moving party bears the burden to establish a substantial and material change of circumstances. *Lanser v. Lanser*, 2003 Guam 14 (citations omitted). "It is error to change the amount of support where there is no evidence submitted to show a change in circumstances." *Id.* (citations omitted).

Additionally, "[w]hile contract principles are applied to settlement agreements, courts are unanimous in concluding that parents cannot by agreement limit or divest a court of its discretion in setting child support." *Moylan*, 2002 Guam 18 at ¶ 24 (citations omitted). "An agreement purporting to limit the court's ability to achieve that goal is void as against public policy." *Id.* (citing *Lusby v. Lusby*, 75 Cal.Rptr.2d 263, 269, 64 Cal.App.4th 459, 471 (Ct.App.1998) ("the court in child support proceedings, to the extent permitted by the child support statutes, must be permitted to exercise the broadest possible discretion in order to achieve equity and fairness in these most sensitive and emotional cases.")

## I. The Settlement Agreement Can Be Modified

At the March 6, 2025 hearing, the OAG argued that the "parties should stick by their own agreement," and that the Settlement Agreement "cannot be modified unless both parties agree to it." Min. Entry at 10:13 a.m. (Mar. 6, 2025). The OAG also insisted that the proper procedure was to hear the matter as a motion for deviation for this case. *Id.* at 10:18 a.m.

4

The Court disagrees. Under 5 GCA § 34121, the Superior Court of Guam retains the authority to modify "any order, award, stipulation, or agreement" concerning child support, even when "merged or integrated into a decree of divorce or separation" as is the case here. This statute expressly permits modification independent of the parties' mutual consent upon proof substantial and material change in the Defendant's circumstances.

Additionally, Guam law recognizes the importance of "fair and equitable support orders" between parents and yet allows courts to intervene on behalf of the child's best interest. 5 GCA § 34105(a). This includes, but is not limited to, the Court's discretion "to move to modify existing [child support] order up or down as the circumstances and equity demand . . . ." 5 GCA § 34105 (a)(4). This language supports the Court's ability to reevaluate support obligations where warranted by changes in income, expenses, special needs of the child, or other relevant factors. *See Thurston v. Pinkstaff*, 292 Ark. 385, 389, 730 S.W.2d 239, 241 (1987) ("In considering the amount to be contributed for child support, the court should consider the needs of the children, the assets of each parent, their respective ages, earning capacities, incomes and indebtedness, state of health, future prospects and any other factors which will aid the court in reaching a just and equitable result.")(cited in *Lanser*, 2003 Guam 14 n.3); *See Moylan*, 2002 Guam 18 at ¶ 16 ("An award of child support is reviewed for an abuse of discretion, keeping in mind the best interests of the children.").

Furthermore, although the OAG contends that a motion for deviation is the proper mechanism here, the OAG does not explain why a deviation as opposed to a modification of the child support agreement would be appropriate in this case. The child support ordered by the Court did not arise from the Child Support Guidelines, but through an agreement between the parties that was then incorporated into the Final Decree of Divorce. When there is an existing agreement for

child support obligations, 5 GCA § 34121 governs modification standards. The parties are seeking the Court to reconsider an existing child support obligation based on changes that occurred after the support order was entered. Defendant requests that the Court evaluate the request under the standard of a "substantial and material change in circumstances."

In the absence of persuasive justification for using a motion to deviate, the Court shall apply the standard of a "substantial and material change in circumstances." *See* 5 GCA § 34121.

## II. Defendant Has Not Submitted Sufficient Evidence to Demonstrate a Substantial and Material Change of Circumstances

To demonstrate a substantial and material change in circumstances, the Court not only considers income but also the party's overall financial situation, such as assets, debts, and gifts. *See Moylan*, 2002 Guam 18 (citing *Petrini v. Petrini*, 336 Md. 453 (Md.1994)) ("[T]here are several considerations the trial judge may take into account in deciding whether to include a gift as income, such as a parent's actual ability to pay the child support award, any lack of liquidity or marketability of a party's assets, the fact that the parent's take-home income is not an accurate reflection of his or her actual standard of living . . . ."); *see also In re Marriage of Catalano*, 204 Cal.App.3d 543, 555–556 (1988) (trial court abused its discretion in setting child support that failed to take into account father's assets such as real property and cars); *see also Petersen v. Petersen*, 24 Cal. App. 3d 201, 207 (Ct. App. 1972) (trial court abused its discretion by only considering purchase of new home and increased salary).

Here, Defendant asserts that a 17% decrease in salary, which is approximately $19,000 annually, constitutes a substantial and material change in circumstances. Decl. Peternilo ¶ 12. His income is further reduced because he states that California state taxes are higher than Guam's. *Id.* He also notes the unanticipated costs of Jose's out-of-state tuition costs. *Id.* ¶ 6.

While these representations may reflect a significant and material change in Defendant's financial circumstances, he has not submitted sufficient evidence to support a modification in child support. For example, he does not provide information about his current assets, liabilities, or recurring expenses, which would help the Court evaluate his overall financial capacity. Additionally, there is no indication of whether he has access to savings, investment income, or other resources that may offset the impact of his reduced salary or increased expenses.

Moreover, the only evidence that the Defendant provided to the Court was his Declaration. Although a party's declaration can offer helpful context, courts generally require some corroborating documentation to assess whether a change is both substantial and material. *Ellis v. Ellis*, 2009 WL 2999354 (Ct. App. Ohio, 2009) ¶ 34 ("[T]he trial court in this case did not abuse its discretion by failing to consider [a party's] change in income during the pendency of the motion because [he] did not present documentation to substantiate his alleged reduction in income at trial."); *see In re Marriage of Bucklin*, 70 Wash. App. 837, 841 (1993) (reversing trial court's finding of changed circumstances for failure of party to produce documentary evidence and "other sufficient verification" of his income."). The Court is not persuaded by Defendant's mere assertions in his Declaration and requires a stronger showing of evidence to illustrate a substantial and material change in circumstance.

Finally, the Defendant notes that since Jose is no longer living with Plaintiff and Defendant is now covering Jose's off-island educational expenses, the continued support payments to Plaintiff no longer serves as child support and would instead "constitute an increase in discretionary spending to [Plaintiff]," and amount to a "windfall." *Id.*

However, the Settlement Agreement requires the Defendant to provide support beyond the age of majority and during college. From what the parties have provided, it is unclear whether the

current payments are used for the benefit of Jose or are indeed being retained by Plaintiff for other purposes. Without further information on the use of the funds, the Court cannot conclude that the support payments constitute a "windfall."

Therefore, the Court is unable to determine whether the claimed change is sufficient to justify modifying the current child support obligations. Accordingly, based on the present record, the Court finds that Defendant has not met his burden to demonstrate a substantial and material change in circumstances.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant's Motion to Terminate Child Support.

SO ORDERED: **JUN 0 6 2025** .

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

8